# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4456

_____

In re Sealed Case

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 13, 2017
Filed: June 12, 2018

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

The appellant in this federal criminal case moved to reduce his sentence after a retroactive amendment to the sentencing guidelines lowered the base offense level for his drug trafficking offense. The district court[1] ruled that the appellant was ineligible for a sentence reduction because his amended guideline range was unchanged by the amendment. Although we analyze the motion differently, we agree that the appellant was ineligible for a reduction, and we therefore affirm the order denying the appellant's motion.

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

The appellant pleaded guilty in January 2008 to conspiracy to distribute a controlled substance. His offense conduct and criminal history resulted in an advisory guideline range of 324 to 405 months' imprisonment, but the statutory maximum penalty for his offense was 240 months' imprisonment, *see* 21 U.S.C. § 841(b)(1)(C), so 240 months became the "guideline sentence." *See* USSG § 5G1.1. The district court varied downward from the guideline sentence under 18 U.S.C. § 3553(a) and imposed a term of 210 months' imprisonment. In 2013, the court reduced the sentence to 150 months under Federal Rule of Criminal Procedure 35(b), based on a motion by the government to reflect the appellant's provision of substantial assistance to authorities.

In September 2016, the appellant moved to reduce his sentence under 18 U.S.C. § 3582(c) based on a retroactive amendment to the sentencing guidelines. Amendment 782 reduced the appellant's base offense level by two levels and resulted in an amended guideline range of 262 to 327 months' imprisonment. The district court concluded that because the statutory maximum sentence of 240 months' imprisonment was lower than the minimum of the appellant's amended guideline range, his "guideline range remains unchanged and he is not eligible for a further reduction."

A court may reduce a defendant's sentence if he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C § 3582(c)(2). The appellant's motion for reduction falters at a threshold established by the plain language of § 3582(c): his sentence was not "based on" a sentencing range that was subsequently lowered, because the district court did not consider the guideline range of 324 to 405 months when it imposed sentence. Rather, the court was required to disregard the guideline range and to sentence the appellant based on the statutory maximum penalty of 240 months' imprisonment. The lowered guideline range thus played no relevant part in determining the appellant's sentence, and he is ineligible for a reduction under

§ 3582(c). *Koons v. United States*, No. 17-5716, 2018 WL 2465190, at *3 (U.S. June 4, 2018).

The order of the district court is affirmed.

_____